1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   SARA WINSLOW (DCBN 457643)
3  Chief, Civil Division

4  ROBIN M. WALL (CABN 235690)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7071
7      Fax: (415) 436-6748
       robin.wall@usdoj.gov
8
   Attorneys for Plaintiff
9
                     UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN FRANCISCO DIVISION
12

13 UNITED STATES DEPARTMENT OF          )   CASE NO.
   STATE,                               )
14                                      )   **COMPLAINT**
            Plaintiff,                   )
15                                      )
        v.                              )
16                                      )
   BRUCE OWEN and ALEXANDRA OWEN,        )
17                                      )
            Defendants.                  )
18                                      )
   _____)
19

20         Plaintiff United States Department of State ("State Department"), through the undersigned

21 attorneys, files this complaint and alleges as follows:

22                            **INTRODUCTION**

23         1.    This is a civil action to eject Defendants Bruce Owen and Alexandra Owen from, and

24 regain possession of, property held by the State Department, which Defendants continue to occupy

25 without lawful authority in trespass and unlawful detainer.

26                        **JURISDICTION & VENUE**

27         2.    Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1345.

28         3.    Venue lies in this district pursuant to 28 U.S.C. § 1391.  The property at issue is located

COMPLAINT FOR UNLAWFUL DETAINER          1
NO.

at 3400 Washington Street, San Francisco, California 94118; and the events and omissions giving rise to the State Department's claims occurred in substantial part in San Francisco County.

## PARTIES

4.      The State Department is an executive department of the United States government. 22 U.S.C. § 2651.  The State Department's Office of Foreign Missions ("OFM") is the custodian of the property at issue pursuant to the Foreign Missions Act, 22 U.S.C. §§ 4301-4316; United States Department of the Treasury License No. IA-2013-299855-4; the Vienna Convention on Diplomatic Relations; and the Vienna Convention on Consular Relations.

5.      The Defendants are individuals with a mailing address at 3400 Washington Street, San Francisco, California 94118, where they purport to reside, and which is within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6.      When a foreign mission has ceased conducting diplomatic, consular, and other governmental activities in the United States and has not designated a protecting power or other agent approved by the Secretary of State to be responsible for the property of the foreign mission, the Secretary of State may protect and preserve such properties.

7.      The Secretary of State has delegated that authority to OFM pursuant to 22 U.S.C. § 4305(c).  OFM provides overall property management services for properties that were primarily used to support diplomatic and consular functions, such as the properties titled to the Government of Iran, which ceased its diplomatic and consular activities in the United States with the break in diplomatic relations between the countries in 1980.

8.      The property management services provided by OFM include entering into and modifying leases, authorizing payments in connection with such leases, and taking other appropriate actions as circumstances require.

9.      The residence of the former Iranian Consul General, located at 3400 Washington Street, San Francisco, California 94118, is an 8,718 square-foot stucco and wood-frame single-family residence built in 1927 and purchased by the Government of Iran in 1969.

10.      The property has been in the custody of the Department of State since the break in

diplomatic relations in 1980 and, more specifically, has been the responsibility of OFM since the passage of the Foreign Missions Act in 1982.

11. The property was initially leased to Defendant Bruce Owen on September 1, 1984, for a period of three years. A copy of that residential lease is attached hereto as Exhibit A.

12. OFM and Mr. Owen entered a second lease commencing August 1, 1987, for a period of ten years. That lease included a clause that entitled Mr. Owen to renew the lease at the end of the initial term for an additional ten years. A copy of that residential lease is attached hereto as Exhibit B.

13. By letter dated February 3, 1997, Mr. Owen exercised his option to extend the lease for an additional ten years. A copy of that letter is attached hereto as Exhibit C.

14. That second ten-year term expired on July 31, 2007, creating a month-to-month tenancy thereafter. Mr. Owen is currently paying $5,523.92 per month in rent.

15. In June 2018, a senior officer at OFM inspected the property with Mr. Owen. At the time of the inspection, the former consular residence contained multiple rooms set up as separate office spaces and a large area set aside for commercial items. It did not appear to be in use as a residence.

16. Following the inspection, OFM decided to remove the property from the San Francisco rental market. At that time, OFM expected that the 1927 residence would need significant maintenance and repair, the cost of which would exceed the rental income from the property.

17. The property is one of eleven properties in the United States owned by the Government of Iran under the custody and control of OFM. Consistent with its treaty obligation under the Vienna Conventions on Diplomatic and Consular Relations to protect these properties, which include the former Embassy of Iran and its Ambassador's residence in Washington, DC, OFM funds maintenance and repair costs solely from received rents. This policy protects U.S. taxpayers from shouldering a financial burden to maintain and repair property owned by the Government of Iran.

18. With respect to 3400 Washington Street, OFM has determined that it will not be able to meet its expected costs for maintenance and repair from rents received. The cost of expected maintenance and repair at the 3400 Washington Street property is estimated at $5 million dollars, significantly in excess of available rental receipts. Accordingly, OFM intends to take 3400 Washington Street off the market and prepare it for long term storage.

19.     In 2011, OFM made a similar decision for the property located at 3005 Massachusetts Avenue, NW, Washington, DC—the former Iranian Embassy.  Facing an estimated total cost of needed renovations to be $10 million to $15 million, OFM decided to mothball the property—and it remains mothballed today.

20.     In California, the withdrawal of private residential units from the rental market is governed by the Ellis Act, California Government Code Section 7060, *et seq*., which was enacted by the California legislature in 1986 to require municipalities to allow property owners to leave the residential rental housing business.

21.     Pursuant to the Ellis Act, the City and County of San Francisco has enacted a procedure in its rent ordinance for the eviction of tenants in connection with the withdrawal of properties from the rental housing business.  *See* Chapter 37 of the San Francisco Administrative Code, Section 37.9A.

22.     In connection with the withdrawal of 3400 Washington Street from the San Francisco rental market and the termination of Defendants' tenancy, OFM has complied with all applicable federal, state, and local law, including the requirements of the Ellis Act and the San Francisco rent ordinance.

23.     By notice dated June 19, 2018 ("Notice of Termination"), OFM informed the Defendants that their month-to-month tenancy at 3400 Washington Street, San Francisco, CA 94118 would be terminated as of the date 120 days after a Notice of Intent to Withdraw Residential Units from the Rental Market ("Notice of Intent") was filed with the San Francisco Rent Board.  That Notice of Intent was filed with the San Francisco Rent Board the same day—on June 19, 2018.  OFM informed Defendants that the Notice of Intent had been filed by separate written notice dated June 19, 2018 ("Notice of Filing").  A copy of the Notice of Termination is attached hereto as Exhibit D; a copy of the Notice of Intent is attached hereto as Exhibit E; and a copy of the Notice of Filing is attached hereto as Exhibit F.

24.     The June 19, 2018, Notice of Termination and June 19, 2018, Notice of Filing both informed the Defendants of certain rights afforded tenants under the San Francisco rent ordinance, including an entitlement to an extension of the date of withdrawal for certain categories of tenants and rights to relocation assistance.

25.     With the Notice of Termination, OFM enclosed two relocation assistance checks to Bruce

COMPLAINT FOR UNLAWFUL DETAINER          4
NO.

1   and Alexandra Owen, respectively, each in the amount of $5,526.99.

2       26.     On June 19, 2018, OFM recorded a memorandum summarizing the Notice of Intent with

3   the San Francisco County Assessor-Recorder.  A copy of that recorded memorandum is attached hereto

4   as Exhibit G.

5       27.     By letter dated August 7, 2018, Defendants, through their counsel, acknowledged receipt

6   of the relocation assistance checks and gave written notice to OFM of Defendants' entitlement to an

7   extension of the date of withdrawal from 120 days to one year from the date the Notice of Intent was

8   filed.  Pursuant to that extension, the new withdrawal date was June 19, 2019.

9       28.     By letter dated August 21, 2018, OFM informed Defendants, through their counsel, that

10  OFM did not dispute the extension.

11      29.     In early June 2019, counsel for the State Department reached out to Defendants' counsel

12  to see if Defendants intended to vacate the property before the June 19, 2019, withdrawal date.

13  Plaintiff's counsel was informed that the Defendants did not intend to vacate the property by that date.

14      30.     On June 19, 2019, the State Department served Defendants with a Three-Day Notice to

15  Quit, which informed Defendants of the withdrawal of 3400 Washington Street from the rental market

16  and the termination of their month-to-month tenancy as of June 19, 2019.  A copy of the notice was

17  posted on the premises and copies were sent via mail to Defendants at the premises and their counsel.  A

18  copy of the Three-Day Notice to Quit is attached hereto as Exhibit H.

19      31.     The notice demanded that Defendants quit the subject premises, move out, and deliver up

20  possession to the owner or its authorized agent within three days of service of the notice.

21      32.     As of the date of this Complaint, Defendants have failed to comply with the requirements

22  of the notice—they have not quit the property, moved out, and delivered possession to OFM.

23  Defendants remain in possession of the premises located at 3400 Washington Street.

### FIRST CAUSE OF ACTION

25      33.     All preceding paragraphs of this Complaint are realleged and expressly adopted and

26  incorporated as if fully set forth herein.

27      34.     Because Defendants' month-to-month tenancy at 3400 Washington Street, San Francisco,

28  California was lawfully terminated effective June 19, 2019, and Defendants have failed to quit the

property, move out, and deliver possession to OFM at the termination of their tenancy after service of the Three-Day Notice to Quit, Defendants continue unlawfully in possession of the property, and they are guilty of unlawful detainer.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands and prays for judgment against Defendants as follows:

1.     For declaratory relief that:

        a.     Defendants' month-to-month tenancy at 3400 Washington Street, San Francisco, California has terminated;

        b.     Plaintiff is entitled to possession of the property;

        c.     Defendants continue in possession of the property after the expiration of their tenancy and service of the June 19, 2019, notice to quit; and

        d.     Defendants have thereby committed unlawful detainer and are unlawfully detaining the property;

2.     For possession of the premises and ejectment of Defendants and any one residing on the property with Defendants;

3.     Damages for each day that Defendants remain in possession through entry of judgment;

4.     Such statutory and exemplary damages as may be available under applicable law;

5.     For Plaintiff's reasonable attorney's fees, as may be recoverable, and costs reasonably incurred in this action; and

6.     For such other relief as the Court may deem just and proper.

Dated: July 16, 2019

DAVID L. ANDERSON
United States Attorney

ROBIN M. WALL
Assistant United States Attorney
Attorneys for Plaintiff

COMPLAINT FOR UNLAWFUL DETAINER
NO.

6

# EXHIBIT A

# RESIDENTIAL RENTAL AGREEMENT AND DEPOSIT RECEIPT

RECEIVED FROM Mr. Bruce Owen ........................................ hereinafter referred to as Tenant,
the sum of $ 1,000.00 ......... ( One Thousand Dollars Only———————————————————— DOLLARS),
evidenced by personal check ........................................, as a deposit which, upon acceptance of this rental agreement, the Owner
of the premises, hereinafter referred to as Owner, shall apply said deposit as follows:

| | Aug. 31, 1987 DEPOSIT RECEIVED | BALANCE OWING PRIOR TO OCCUPANCY |
|---|---|---|
| Rent for the period from Sept. 1, 1984 to Sept. 1, 1987 | $ 1,000.00 | $ 2,500.00 |
| Security deposit (not applicable toward last month's rent) | $ 3,500.00 | $ 3,500.00 |
| Other | $ | $ |
| TOTAL | $ 4,500.00  6,000.00 | $ 6,000.00 |

In the event that this agreement is not accepted by the Owner or his authorized agent, within 30 ............. days, the total deposit received shall be refunded.
Tenant hereby offers to rent from the Owner the premises situated in the City of San Francisco .............., County of San Francisco
State of CA ......., described as 3400 Washington St. ................., consisting of Single Family Dwelling & garage
upon the following TERMS and CONDITIONS:

**TERM:** The term hereof shall commence on Sept. 1 .................. 19 84 .... and continue (check one of the two following alternatives):
☒ until Sept. 1 .... 1987 ..., for a total rent of see addendum .................... (dollars)
☐ on a month-to-month basis thereafter, until either party shall terminate the same by giving the other party ....... days written notice delivered by certified mail.
**RENT:** Rent shall be 3500.00 .... for the 1st year per month, payable in advance, on the 1st .. day of each calendar month to Owner or
his authorized agent, at the following address 2221 Filbert St. San Francisco McGuire R.E.
or at such other places as may be designated by Owner from time to time. Rent is not paid within five (5) days after due date, Tenant agrees to pay a late charge
of $ 100.00 plus interest at ———————% per annum on the delinquent amount. Tenant agrees further to pay $———————— for each dishonored bank check.
The late charge period is **not** a grace period, and Owner is entitled to make written demand for any rent unpaid on the second day of the rental period. Any unpaid balances
remaining after termination of occupancy are subject to 1½% interest per month or the maximum rate allowed by law.
**MULTIPLE OCCUPANCY:** It is expressly understood that this agreement is between the Owner and each signatory individually and severally. In the event of default
by any one signatory each and every remaining signatory shall be responsible for timely payment of rent and all other provisions of this agreement.
**UTILITIES:** Tenant shall be responsible for the payment of all utilities and services, except: including water .......................
which shall be paid by Owner.
**USE:** The premises shall be used exclusively as a residence for no more than ———————————— persons. Guests staying more than a total of ———————— days
in a calendar year will be considered occupants.
**PETS:** No pets shall be brought on the premises without the prior written consent of the Owner.
**HOUSE RULES:** In the event that the premises are a portion of a building containing more than one unit, Tenant agrees to abide by any and all house rules, whether
promulgated before or after the execution hereof, including, but not limited to, rules with respect to noise, odors, disposal of refuse, pets, parking, and use of common areas.
Tenant shall not have a waterbed on the premises without prior written consent of the Owner.
**ORDINANCES AND STATUTES:** Tenant shall comply with all statutes, ordinances and requirements of all municipal, state and federal authorities now in force,
or which may hereafter be in force, pertaining to the use of the premises.
**ASSIGNMENT AND SUBLETTING:** Tenant shall not assign this agreement or sublet any portion of the premises without prior written consent of the Owner.
**MAINTENANCE, REPAIRS OR ALTERATIONS:** Tenant acknowledges that the premises are in good order and repair, unless otherwise indicated herein. Owner
may at any time give Tenant a written inventory of furniture and furnishings on the premises and Tenant shall be deemed to have possession of all said furniture and
furnishings in good condition and repair, unless he objects thereto in writing within five (5) days after receipt of such inventory. Tenant shall, at his own expense, and at all
times, maintain the premises in a clean and sanitary manner including all equipment, appliances, furniture and furnishings therein and shall surrender the same, at termination
hereof, in as good condition as received, normal wear and tear excepted. Tenant shall be responsible for damages caused by his negligence and that of his family or invitees and
guests. Tenant shall not paint, paper or otherwise redecorate or make alterations to the premises without the prior written consent of the Owner. Tenant shall irrigate and
maintain any surrounding grounds, including lawns and shrubbery, and keep the same clear of rubbish or weeds if such grounds are a part of the premises and are exclusively
for the use of the Tenant. Tenant shall not commit any waste upon said premises, or any nuisance or act which may disturb the quiet enjoyment of any tenant in the building.
**INVENTORY:** Any furnishings and equipment to be furnished by Owner shall be set out in a special inventory. The inventory shall be signed by both Tenant and Owner
concurrently with this Lease and shall be a part of this Lease.
**DAMAGES TO PREMISES:** If the premises are so damaged by fire or from any other cause as to render them untenantable, then either party shall have the right
to terminate this Lease as of the date on which such damage occurs, through written notice to the other party, to be given within fifteen (15) days after the occurrence of such
damage, except that should such damage or destruction occur as the result of the abuse or negligence of Tenant, or his invitees, then Owner only shall have the right to
termination. Should this right be exercised by either Owner or Tenant, then rent for the current month shall be prorated between the parties as of the date the damage occurred
and any prepaid rent and unused security deposit shall be refunded to Tenant. If this Lease is not terminated, then Owner shall promptly repair the premises and there shall
be a proportionate deduction of rent until the premises are repaired and ready for Tenant's occupancy. The proportionate reduction shall be based on the extent to which the
making of repairs interferes with Tenant's reasonable use of the premises.
**ENTRY AND INSPECTION:** Owner shall have the right to enter the premises: (a) in case of emergency; (b) to make necessary or agreed repairs, decorations,
alterations, improvements, supply necessary or agreed services, exhibit the premises to prospective or actual purchasers, mortgagees, tenants, workmen, or contractors;
(c) when tenant has abandoned or surrendered the premises. Except under (a) and (c), entry may not be made other than during normal business hours, and without not less
than 24 hours prior notice to Tenant.
**INDEMNIFICATION:** Owner shall not be liable for any damage or injury to the Tenant, or any other person, or to any property, occurring on the premises, or any part thereof,
or in common areas thereof, unless such damage is the proximate result of the negligence or unlawful act of Owner, his agents, or his employees. Tenant agrees to hold Owner
harmless from any claims for damages no matter how caused, except for injury or damages for which Owner is legally responsible.
**POSSESSION:** If Owner is unable to deliver possession of the premises at the commencement hereof, Owner shall not be liable for any damage caused thereby, nor
shall this agreement be void or voidable, but Tenant shall not be liable for any rent until possession is delivered. Tenant may terminate this agreement if possession is not
delivered within ........... days of the commencement of the term hereof.
**DEFAULT:** If Tenant shall fail to pay rent when due, or perform any term hereof, after not less than three (3) days written notice of such default given in the manner required
by law, the Owner, at his option, may terminate all rights of Tenant hereunder, unless Tenant, within said time, shall cure such default. If Tenant abandons or vacates the
property, while in default of the payment of rent, Owner may consider any property left on the premises to be abandoned and may dispose of the same in any manner allowed
by law. In the event the Owner reasonably believes that such abandoned property has no value, it may be discarded. All property on the premises is hereby subject to a lien in
favor of Owner for the payment of all sums due hereunder, to the maximum extent allowed by law.
    In the event of a default by Tenant, Owner may elect to (a) continue the lease in effect and enforce all his rights and remedies hereunder, including the right to recover the
rent as it becomes due, or (b) at any time, terminate all of Tenant's rights hereunder and recover from Tenant all damages he may incur by reason of the breach of the lease,
including the cost of recovering the premises, and including the worth at the time of such termination, or at the time of an award if suit be instituted to enforce this provision,
of the amount by which the unpaid rent for the balance of the term exceeds the amount of such rental loss which the Tenant proves could be reasonably avoided.
**SECURITY:** The security deposit set forth, if any, shall secure the performance of Tenant's obligations hereunder. Owner may, but shall not be obligated to, apply all or
portions of said deposit on account of Tenant's obligations hereunder. Any balance remaining upon termination shall be returned to Tenant. Tenant shall not have the right to
apply the security deposit in payment of the last month's rent.
**DEPOSIT REFUNDS:** The balance of all deposits shall be refunded within two (2) weeks from date possession is delivered to Owner or his Authorized Agent, together
with a statement showing any charges made against such deposits by Owner.
**ATTORNEY'S FEES:** In any legal action brought by either party to enforce the terms hereof or relating to the demised premises, the prevailing party shall be entitled
to all costs incurred in connection with such action, including a reasonable attorney's fee.
**WAIVER:** No failure of Owner to enforce any term hereof shall be deemed a waiver. The acceptance of rent by Owner shall not waive his right to enforce any term hereof.
**NOTICES:** Any notice which either party may give, or is required to give, may be given by mailing the same, postage prepaid, to Tenant at the premises or to Owner at
the address shown below or at such other places as may be designated by the parties from time to time.
**HOLDING OVER:** Any holding over after expiration hereof, with the consent of Owner, shall be construed as a month-to-month tenancy in accordance with the terms
hereof, as applicable, until either party shall terminate the same by giving the other party thirty (30) days written notice delivered by certified mail.
**TIME:** Time is of the essence of this agreement.

☐ **ADDITIONAL TERMS AND CONDITIONS** are set forth on page two.
**ENTIRE AGREEMENT:** The foregoing constitutes the entire agreement between the parties and may be modified only by a writing signed by both parties. The following
Exhibits, if any, have been made a part of this agreement before the parties' execution hereof:
The undersigned Tenant hereby acknowledges receipt of a copy hereof.     DATED 4/10/84

_Patricia Ferbaas_ Real Estate Company                    _T J Ca_   Bruce S. Owen .................. Tenant
By _McGuire R.E._ ...............                          _____ Owner
**ACCEPTANCE:** _Jim S McIntoSh_ .............. Owner                  Owner   DATED 4/10/84

**FORM 105**   COPYRIGHT © 1984 BY PROFESSIONAL PUBLISHING CORP.   122 PAUL DRIVE   SAN RAFAEL, CA 94903   ALL RIGHTS RESERVED   PROFESSIONAL PUBLISHING CORPORATION

Director, Office
of Foreign Missions   1425 Green St
                      San Francisco

# EXHIBIT B

## RESIDENTIAL LEASE

(THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT — READ IT CAREFULLY)
CALIFORNIA ASSOCIATION OF REALTORS STANDARD FORM

SAN FRANCISCO _____ California _____ JULY 23, _____ 19 87

UNITED STATES STATE DEPARTMENT, OFFICE OF FOREIGN MISSIONS _____, Landlord, and

BRUCE S. OWEN _____, Tenant, agrees as follows:

1. Landlord leases to Tenant and Tenant hires from Landlord those premises described as: 3400 Washington Street

together with the following furniture, and appliances, if any, and fixtures: _____

*(Insert "as shown on Exhibit A attached hereto" and attach the exhibit if the list is extensive.)*

2. The term of this lease shall be for a period of _____ months, TEN years
commencing August 1, _____ 19 87 and terminating July 31 _____ 19 97
3. Tenant is to pay a total rent of $ 478,470.48 , payable as follows:
1st Yr.: $43,697.04    5th Yr.: $47,299.08    9th Yr.: $51,198.12
2nd Yr.: $44,571.00    6th Yr.: $48,245.04    10th Yr.: $52,222.08
3rd Yr.: $45,462.36    7th Yr.: $49,209.96
4th Yr.: $46,371.60    8th Yr.: $50,194.20

The rent shall be paid at _____
or at any address designated by the Landlord in writing.

4. $ _____ as security has been deposited. Landlord may use therefrom such amounts as are reasonably necessary to remedy Tenant's defaults in the payment of rent, to repair damages caused by Tenant, and to clean the premises upon termination of tenancy. If used toward rent or damages during the term of tenancy, Tenant agrees to reinstate said total security deposit upon five days written notice delivered to Tenant in person or by mailing. Balance of security deposit, if any, together with a written itemized accounting shall be mailed to Tenant's last known address within 14 days of surrender of premises.

5. Tenant agrees to pay for all utilities and services based upon occupancy of the premises and the following charges: _____
including water

$100 late fee if rent is more than FIVE (5) days late

except _____
which shall be paid for by Landlord.

6. Tenant has examined the premises and all furniture, furnishings and appliances if any, and fixtures contained therein, and accepts the same as being clean, in good order, condition, and repair, with the following exceptions: _____

7. The premises are leased for use as a residence by the following named persons: Bruce Owen & Family

No animal, bird, or pet except _____
shall be kept on or about the premises without Landlord's prior written consent.

8. Any holding over at the expiration of this lease shall create a month to month tenancy at a monthly rent of $_____
payable in advance. All other terms and conditions herein shall remain in full force and effect.

9. Tenant shall not disturb, annoy, endanger or interfere with other Tenants of the building or neighbors, nor use the premises for any unlawful purposes, nor violate any law or ordinance, nor commit waste or nuisance upon or about the premises.

10. Tenant agrees to comply with all reasonable rules or regulations posted on the premises or delivered to Tenant by Landlord.

11. Tenant shall keep the premises and furniture, furnishings and appliances, if any, and fixtures which are leased for his exclusive use in good order and condition and pay for any repairs to the property caused by Tenant's negligence or misuse or that of Tenant's invitees. Landlord shall otherwise maintain the property. Tenant's personal property is not insured by Landlord.

12. Tenant shall not paint, wallpaper, nor make alterations to the property without Landlord's prior written consent.

13. Upon not less than 24 hours advance notice, Tenant shall make the demised premises available during normal business hours to Landlord or his authorized agent or representative, for the purpose of entering (a) to make necessary agreed repairs, decorations, alterations or improvements or to supply necessary or agreed services, and (b) to show the premises to prospective or actual purchasers, mortgages, tenants, workmen or contractors. In an emergency, Landlord, his agent or authorized representative may enter the premises at any time without securing prior permission from Tenant for the purpose of making corrections or repairs to alleviate such emergency.

14. Tenant shall not let or sublet all or any part of the premises nor assign this lease or any interest in it without the prior written consent of Landlord.

15. If Tenant abandons or vacates the premises, Landlord may at his option terminate this lease, and regain possession in the manner prescribed by law.

16. If any legal action or proceeding be brought by either party to enforce any part of this lease, the prevailing party shall recover in addition to all other relief, reasonable attorney's fees and costs.

17. Time is of the essence. The waiver by Landlord or Tenant of any breach shall not be construed to be a continuing waiver of any subsequent breach.

18. Notice upon Tenant shall be served as provided by law. Notice upon Landlord may be served upon Manager of the demised premises

at _____. Said Manager is authorized to accept service on behalf of Landlord.

19. Within 10 days after written notice, Tenant agrees to execute and deliver a certificate as submitted by Landlord acknowledging that this agreement is unmodified and in full force and effect or in full force and effect as modified and stating the modifications. Failure to comply shall be deemed Tenant's acknowledgement that the certificate as submitted by Landlord is true and correct and may be relied upon by any lender or purchaser.

20. The undersigned Tenant acknowledges having read the foregoing prior to execution and receipt of a copy hereof.

Landlord _____    Tenant: _____
OFFICE OF FOREIGN MISSIONS
Landlord U.S. DEPARTMENT OF STATE    Tenant: _____

ADDITIONAL TERMS AND CONDITIONS SET FORTH ON PAGE TWO

NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OF ANY PROVISION OR THE ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE. IF YOU DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY.

To order, contact—California Association of Realtors®
525 South Virgil Avenue, Los Angeles, California 90020
Copyright © 1977, 1978 by California Association of Realtors®
(Revised, 1978)                          FORM LR-14



ADDENDUM TO THE RESIDENTIAL LEASE AGREEMENT
FOR PROPERTY AT 3400 WASHINGTON STREET
SAN FRANCISCO, CALIFORNIA

1.   In the event that diplomatic relations are re-established with the government of Iran and the United States government, the Tenant will vacate the premises within one year of notification (or at the end of the lease term, whichever is sooner) of the desire of either the United States government or the Iranian government to re-establish the consulate in the premises, or at the end of the lease term, whichever is sooner.  In the event the lease is terminated pursuant to this paragraph, Tenant shall be entitled to a payment upon such termination in the amount of the Tenant Improvement Added Value, as defined below.

2.   Tenant has the option to renew this lease for an additional ten (10) years at a rental rate that is satisfactory to both the Tenant and Landlord, but not to exceed what the San Francisco Rent Control Ordinance specifies.

3.   The State Department agrees to abide by the rent control ordinance now in effect in San Francisco.

4.   In the event that at any time during the lease term Landlord receives a bona fide offer to purchase the premises and Landlord desires to accept such offer, Landlord shall first give Tenant notice of such offer, which notice shall include a correct and complete copy of such offer, and Tenant shall have a period of thirty (30) days from receipt of such notice within which to elect to purchase the premises on the same terms and conditions and at the same purchase price as stated in said third party offer. In the event Tenant elects to purchase the premises pursuant to this paragraph, the closing of such purchase shall occur on the later of ninety (90) days after the date on which tenant notifies Landlord of its election to purchase the premises, or the date set forth in the third party offer.  In the event Tenant elects to purchase the premises pursuant to this paragraph, Tenant shall be entitled to a credit against the purchase price in the amount of the added value conferred to the premises by any additions or improvements made to the premises by Tenant (the "Tenant Improvements Added Value").  In the event there is any dispute between Landlord and Tenant regarding the amount of the Tenant Improvements Added Value, such dispute shall be resolved by arbitration in accordance with the then current rules of the American Arbitration Association.  In the event Tenant elects not to purchase the premises, any sale of the

premises shall be subject to Tenant's rights under this
lease and this right of first refusal shall apply to any
subsequent sale of the premises.**(see below) for the continuation of thi
                                   paragraph)

  5.  In the event that Bruce S. Owen dies or is
disabled, Tenant, or its successors or assigns, shall have
the right to terminate this lease on not less than one (1)
year's notice.

  6.  It is acknowledged between Landlord and Tenant
that the garden and grounds on the premises and the deck are
in poor condition and Landlord and Tenant agree to pursue
good faith negotiations regarding the refurbishment and
repair of these items.

_____                _____
        Tenant                                    Landlord


 * Notwithstanding anything to the contrary, the purchase price
shall be based upon a mutually acceptable MAI Appraisal.

# EXHIBIT C

**BRUCE S. OWEN**

**3400 WASHINGTON STREET, SAN FRANCISCO, CA  94118**
Ph: ███████ ; Fax ████████

February 3, 1997

Mr. Richard Massey
Program Director of Real Estate
United States Department of State
Office of Foreign Missions
Washington, D.C. 20520

Re:  Residential Lease Agreement for Property at 3400 Washington Street, San Francisco, CA

Dear Mr. Massey:

We acknowledge receipt of your letter of November 18, 1996.  Frankly, we are a bit puzzled by it. Perhaps you are not familiar with the terms of our present lease which contains an option to-renew.  In the event that you have misplaced it, we have enclosed a copy.

Please note that paragraph two of the Addendum to Residential Lease Agreement dated July 3, 1987 contains an option to renew the lease.  It is our intention to, and, by this letter, we do hereby exercise our option to extend the lease for the next ten years under the same terms and conditions.  Likewise, paragraph three of the same Addendum specifies that the rental to be charged for this new ten year period shall be at a rate not to exceed the limits as set forth under the San Francisco rent control ordinance.

Please acknowledge receipt of this notification at your earliest convenience.

Sincerely yours,

Bruce S. Owen

Encl:

# EXHIBIT D

## NOTICE OF TERMINATION OF TENANCY

TO:   BRUCE STEPHENSON OWEN
        ALEXANDRA OWEN

ADDRESS:   3400 WASHINGTON STREET
                SAN FRANCISCO, CA 94118

**PLEASE TAKE NOTICE** that your month-to-month tenancy at 3400 Washington Street, San Francisco, CA 94118 is hereby terminated as of the date 120 days after a Notice of Intent to Withdraw Residential Units from the Rental Market is filed with the San Francisco Rent Board.  You are hereby required to quit and surrender possession of the premises to the undersigned no later than the date 120 days after the above mentioned Notice of Intent to Withdraw is filed with the San Francisco Rent Board.

This **NOTICE OF TERMINATION** is intended as a 120 day legal notice for the purpose of terminating your tenancy in accordance with Chapter 37 of the San Francisco Administrative Code, Section 37.9A; California Government Code Section 7060 et seq (Ellis Act); and California Civil Code Sections 1946 and 1946.1 as applicable.

This **NOTICE OF TERMINATION** is served upon you because the United States Department of State (hereinafter referred to as "owner") as Custodian for the Government of Iran pursuant to the Foreign Missions Act (22 U.S.C. 4301-4316), United States Department of the Treasury License No. IA-2013-299855-4, and the Vienna Convention on Diplomatic Relations, seeks in good faith to recover possession in order to permanently remove the rental building from residential rental use.

You have certain rights to an **ENTITLEMENT TO AN EXTENSION OF THE DATE OF WITHDRAWAL** under Section 37.9A(f)(4) of Chapter 37 of the San Francisco Administrative Code if you are at least 62 years of age or disabled as defined in Government Code Section 12955.3, and have lived at 3400 Washington Street, San Francisco, CA 94118 for at least one year prior to the date of delivery to the Rent Board of the above mentioned Notice of Intent to Withdraw.  Under such circumstances, the date of withdrawal of the premises shall be extended to one year after the date of delivery of that notice to the Rent Board, ***provided that you give written notice of your***

*entitlement to an extension of the date of withdrawal to the undersigned within 60 days of the date of delivery to the Rent Board of the Notice of Intent to Withdraw.* In that situation, the following provisions shall apply:

(A) The tenancy shall be continued on the same terms and conditions as existed on the date of delivery to the Rent Board of the notice of intent to withdraw, subject to any adjustments otherwise available under Administrative Code Chapter 37.

(B) No party shall be relieved of the duty to perform any obligation under the lease or rental agreement.

(C) The owner may elect to extend the date of withdrawal on any other units up to one year after date of delivery to the Rent Board of the notice of intent to withdraw.

(D) Within 30 days of the notification by the tenant or lessee to the owner of his or her entitlement to an extension of the date of withdrawal, the owner shall give written notice to the Rent Board of the claim that the tenant or lessee is entitled to stay in their unit for one year after the date of delivery to the Rent Board of the notice of intent to withdraw.

(E) Within 90 days of the date of delivery to the Rent Board of the notice of intent to withdraw, the owner shall give written notice to the Rent Board and the affected tenant or lessee of the following:

(i) Whether or not the owner disputes the tenant's claim of extension;

(ii) The new date of withdrawal under Section 37.9A(f)(4)(C) of Chapter 37 of the San Francisco Administrative Code, if the owner does not dispute the tenant's claim of extension; and

(iii) Whether or not the owner elects to extend the date of withdrawal to other units on the property.

You have certain **RIGHTS TO REOCCUPANCY/RE-RENT** under Section 37.9A(c) of Chapter 37 of the San Francisco Administrative Code as follows:

Section 37.9A(c)  Rights to Re-Rent.  Any owner who again offers for rent or lease any unit covered by subsection (a) shall first offer the unit for rent or lease to the tenants or lessees displaced from the unit as follows:

(1)  If any tenant or lessee has advised the owner in writing within 30 days of displacement of his or her desire to consider an offer to renew the tenancy and has furnished the owner with an address to which that offer is to be directed, the owner must make such an offer whenever the unit is again offered for rent or lease within two years of withdrawal.  That tenant, lessee, or former tenant or lessee may advise the owner at any time of a change of address to which an offer is to be directed.

(2)  Notwithstanding Subsection (c)(1), if the unit is offered for rent or lease within 10 years of withdrawal, the owner shall notify the Rent Board in writing of the intention to re-rent the unit and make an offer to the tenant or lessee whenever the tenant or lessee requests the offer in writing within 30 days after the owner has notified the City of an intention to re-rent the unit.  If the unit is offered for rent or lease more than two years after the date the unit was withdrawn from rent or lease, the owner shall be liable to any tenant or lessee who was displaced for failure to comply with this subsection (c)(2), for punitive damages in an amount which does not exceed the contract rent for six months.

(3)  If any former tenant or lessee has requested an offer to renew the tenancy, either directly to the landlord or after notice from the Rent Board, then the owner shall offer to reinstitute a rental agreement or lease at rents permitted under Subsection (a).  This offer shall be deposited in the United States mail, by registered or certified mail with postage prepaid, addressed to the displaced tenant or lessee at the address furnished to the owner as provided by the tenant and shall describe the terms of the offer.  The displaced tenant or lessee shall have 30 days from the deposit of the offer in the mail to accept the offer by personal delivery of that acceptance or by deposit of the acceptance in the United States mail by registered or certified mail with postage prepaid.

(4)  If more than one tenant or lessee attempts to accept the offer for a given unit, the landlord shall notify each tenant or lessee so accepting that other acceptances have been received, and shall further advise each such tenant or lessee of the names and addresses of the others.  If all such tenants or lessees do not within thirty (30) days thereafter agree and notify the landlord of which tenant(s) or lessee(s) will reoccupy the unit, the tenant(s) or lessee(s) who first occupied the unit previously shall be entitled to accept the landlord's offer.  If more than one eligible tenant or lessee initially occupied the unit on the same date, then the first such tenant or lessee to have originally sent notice accepting the landlord's offer shall be entitled to occupy the unit.

(d)  <u>Re-Rental Within Two Years</u>.  If a unit covered by subsection (a) is offered for rent or lease within two years of the date of withdrawal:

(1)  The owner shall be liable to any tenant or lessee who was displaced from the property for actual and exemplary damages.  Any action by a tenant or lessee pursuant to this paragraph shall be brought within three years of withdrawal of the unit from rent or lease.  However, nothing in this paragraph precludes a tenant from pursuing any alternative remedy available under the law.

(2)  The City may institute a civil proceeding against the owner who has again offered the unit for rent or lease, for exemplary damages for displacement of tenants or lessees.  Any action by the City pursuant to this paragraph shall be brought within three years of the withdrawal of the unit from rent or lease.

You have certain rights to **RELOCATION ASSISTANCE** under Section 37.9A(e) of Chapter 37 of the San Francisco Administrative Code as follows:

Section 37.9A(e) Relocation Payments to Tenants:

(3)  On or After February 20, 2005.  Where a landlord seeks eviction based upon Section 37.9(a)(13), and the notice of intent to withdraw rental units is filed with the Board on or after February 20, 2005, relocation payments shall be paid to the tenants as follows:

(A)  Subject to subsections 37.9A(e)(3)(B), (C) and (D) below, the landlord shall be required to pay a relocation benefit on behalf of each authorized occupant of the rental unit regardless of the occupant's age ("Eligible Tenant").  The amount of the relocation benefit shall be $4,500 per Eligible Tenant, one-half of which shall be paid at the time of the service of the notice of termination of tenancy, and one-half of which shall be paid when the Eligible Tenant vacates the unit;

(B)  In the event there are more than three Eligible Tenants in a unit, the total relocation payment shall be $13,500, which shall be allocated proportionally among the Eligible Tenants based on the total number of Eligible Tenants in the unit; and

(C)  Notwithstanding Subsections 37.9A(e)(3)(A) and (B), any Eligible Tenant who, at the time the notice of intent to withdraw rental units is filed with the Board, is 62 years of age or older, or who is disabled within the meaning of Section 12955.3 of the California Government Code, shall be entitled to receive an additional payment of $3,000, $1,500 of which shall be paid within 15 calendar days of the landlord's receipt of written notice from the tenant of entitlement to the relocation payment, and $1,500 of which shall be paid when the Eligible Tenant vacates the unit.

(D)  Commencing March 1, 2005, the relocation payments specified in Subsections 37.9A(e)(3)(A) and (B) and (C) shall increase annually at the rate of increase in the "rent

of primary residence" expenditure category of the Consumer Price Index (CPI) for All Urban Consumers in the San Francisco-Oakland-San Jose Region for the preceding calendar year, as that data is made available by the United States Department of Labor and published by the Board.

Attached to this Notice of Termination of Tenancy are two official checks for certified funds made out to **Bruce Owen** and **Alexandra Owen** respectively, each in the amount of **$5526.99**, as initial relocation payments under Section 37.9A(e) of Chapter 37 of the San Francisco Administrative Code.  Final relocation payments will be issued when you vacate the premises.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions.  You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed.  In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

Please direct all communications regarding this **NOTICE OF TERMINATION OF TENANCY** to:

> Program Manager
> Services & Special Projects
> Office of Foreign Missions
> U.S. Department of State
> 2201 C Street Northwest
> Washington, DC 20520

DATED:  June 19, 2018

Matthew Sandelands
Program Manager
Services & Special Projects
Office of Foreign Missions
U.S. Department of State



1630 KING STREET
ALEXANDRIA, VIRGINIA 22314-2745
LOCAL          703-706-5000
TOLL FREE    800-296-8882 (U.S.)
FAX              703-684-1613

**STATE DEPARTMENT** FEDERAL CREDIT UNION

**OFFICIAL CHECK**

Notice to Credit Union Members:
An indemnity bond will be required before
any official check of this Credit Union will
be replaced or refunded in the event it is
lost, misplaced or stolen.

68-7534
2560

Check Number 0000149915

DATE     06/12/18

PAY   Five Thousand Five Hundred Twenty-Six Dollars and 99 Cents

$5,526.99

NOT NEGOTIABLE AFTER 180 DAYS

TO THE
ORDER
OF

Bruce Owen
Re: Dos Office OF Foreign Missions
2201 C ST NW RM 2236
Washington DC 20520-0099

AUTHORIZED SIGNATURE

0 2

---

**STATE DEPARTMENT** FEDERAL CREDIT UNION

1630 KING STREET
ALEXANDRIA, VIRGINIA 22314-2745
LOCAL          703-706-5000
TOLL FREE    800-296-8882 (U.S.)
FAX              703-684-1613

**OFFICIAL CHECK**

Notice to Credit Union Members:
An indemnity bond will be required before
any official check of this Credit Union will
be replaced or refunded in the event it is
lost, misplaced or stolen.

68-7534
2560

Check Number 0000149916

DATE     06/12/18

PAY   Five Thousand Five Hundred Twenty-Six Dollars and 99 Cents

$5,526.99

NOT NEGOTIABLE AFTER 180 DAYS

TO THE
ORDER
OF

Alexandra Owen
Re: Dos Office OF Foreign Missions
2201 C ST NW RM 2236
Washington DC 20520-0099

AUTHORIZED SIGNATURE

0 2

# EXHIBIT E

City and County of San Francisco   **Residential Rent Stabilization and Arbitration Board**



## Notice of Intent to Withdraw
## Residential Units from the Rental Market
### [RENT ORDINANCE SECTION 37.9A]

2018 JUN 19  AM 10: 42

ARBITRATION BOARD

NOTE: Owners seeking to withdraw from the rental market their units which are subject to the San Francisco Rent Ordinance must submit this completed form to the Rent Board's office. Submittal may be by personal delivery, registered mail, or certified mail. Please refer to the specific procedures pursuant to Section 37.9A of the San Francisco Rent Ordinance.

I.   **OWNER INFORMATION** (All owners of the property must be listed. If additional space is needed, attach a separate sheet using the same format.)

Name: United States Department of State, Office of Foreign Missions, as Custodian for the Government of Iran.

Address: 2201 C Street NW, Suite 2236, Washington, DC 20520

Phone Number: 202-736-7177 (primary)   ████████ (other)

II.   **PROPERTY INFORMATION**

Address: 3400 Washington Street   San Francisco, CA 94118
(street number and name)   (zip code)

Block: 0985   Lot: 004

Number of Residential Units: 1

III.   **UNIT INFORMATION** (All units, including owner-occupied, commercial and vacant units, and all occupants of the property must be listed. If additional space is needed, attach a separate sheet using the same format.)

| UNIT # | DATE TENANCY COMMENCED | NAME OF EACH CURRENT OCCUPANT | CURRENT RENT |
|---|---|---|---|
| 1 | 9/1/1984 | Bruce Owen, Alexandra Owen | $5523.92 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

FORM 3

541/Ellisforms/Notice of Intent/1/3/17

25 Van Ness Ave., #320, San Francisco, CA 94102   415.252.4602   Fax 415.252.4699

Case 4:19-cv-04694-HSG Document 1 Filed 07/01/19 Page 24 of 41
Notice of Intent to Withdraw
Residential Units from the Rental Market *(continued)*

[RENT ORDINANCE SECTION 37.9A]

## IV. OWNER'S DECLARATION

Do you certify that actions have been initiated as required by law to terminate all existing tenancies on the property by service of a written notice of termination of tenancy?  ☑ Yes  ☐ No

I declare under penalty of perjury, under the laws of the State of California, that the information provided on this Notice of Intent to Withdraw Form, including any attachments, is true and correct to the best of my knowledge and belief.

Executed on ___June 19, 2018___ in ___San Francisco___, California.
              (date)                                 (city)

___Matthew Sandelands___
      (print name)                          (signature)

**ALL OWNERS MUST SIGN.** Attach an additional declaration and signature for each owner of record. Attorneys and/or non-attorney representatives may <u>not</u> sign the owner's declaration on behalf of an owner.

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California   County of ___San Francisco___ }ss.
On ___06/19/18___ before me, ___Alejandro Diaz___, Notary Public, personally appeared ___Matthew Sandelands___ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/their executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

___Alejandro Diaz___

ALEJANDRO DIAZ
Notary Public – California
San Francisco County
Commission # 2232237
My Comm. Expires Feb 24, 2022

# EXHIBIT F

# NOTICE REGARDING TERMINATION OF TENANCY

TO:   BRUCE STEPHENSON OWEN
        ALEXANDRA OWEN

2018 JUN 19  AM 10: 43

ARBITRATION BOARD

ADDRESS:   3400 WASHINGTON STREET
                 SAN FRANCISCO, CA 94118

**PLEASE TAKE NOTICE** that the San Francisco Rent Board has been notified pursuant to Chapter 37 of the San Francisco Administrative Code, Section 37.9A(f)(1) of the withdraw of 3400 Washington Street, San Francisco, CA 94118 from the rental market through the filing on **June 19, 2018** with said Rent Board of a Notice of Intent to Withdraw Residential Units from the Rental Market.

**PLEASE TAKE NOTICE** that the above referenced Notice of Intent to Withdraw filed with the San Francisco Rent Board on **June 19, 2018** specified your names, the current monthly rent paid by you ($5523.92) as occupants of 3400 Washington Street, San Francisco, CA 94118, as well as the amount of rent ($5523.92) the undersigned specified in the notice to the Rent Board.

You have certain rights to an **ENTITLEMENT TO AN EXTENSION OF THE DATE OF WITHDRAWAL** under Section 37.9A(f)(4) of Chapter 37 of the San Francisco Administrative Code if you are at least 62 years of age or disabled as defined in Government Code Section 12955.3, and have lived at 3400 Washington Street, San Francisco, CA 94118 for at least one year prior to the date of delivery to the Rent Board of the above mentioned Notice of Intent to Withdraw.  Under such circumstances, the date of withdrawal of the premises shall be extended to one year after the date of delivery of that notice to the Rent Board, ***provided that you give written notice of your entitlement to an extension of the date of withdrawal to the undersigned within 60 days of the date of delivery to the Rent Board of the Notice of Intent to Withdraw.***  In that situation, the following provisions shall apply:

(A) The tenancy shall be continued on the same terms and conditions as existed on the date of delivery to the Rent Board of the notice of intent to withdraw, subject to any adjustments otherwise available under Administrative Code Chapter 37.

(B) No party shall be relieved of the duty to perform any obligation under the lease or rental agreement.

(C) The owner may elect to extend the date of withdrawal on any other units up to one year after date of delivery to the Rent Board of the notice of intent to withdraw.

(D) Within 30 days of the notification by the tenant or lessee to the owner of his or her entitlement to an extension of the date of withdrawal, the owner shall give written notice to the Rent Board of the claim that the tenant or lessee is entitled to stay in their unit for one year after the date of delivery to the Rent Board of the notice of intent to withdraw.

(E) Within 90 days of the date of delivery to the Rent Board of the notice of intent to withdraw, the owner shall give written notice to the Rent Board and the affected tenant or lessee of the following:

(i) Whether or not the owner disputes the tenant's claim of extension;

(ii) The new date of withdrawal under Section 37.9A(f)(4)(C) of Chapter 37 of the San Francisco Administrative Code, if the owner does not dispute the tenant's claim of extension; and

(iii) Whether or not the owner elects to extend the date of withdrawal to other units on the property.

You have certain **RIGHTS TO REOCCUPANCY/RE-RENT** under Section 37.9A(c) of Chapter 37 of the San Francisco Administrative Code as follows:

Section 37.9A(c)  Rights to Re-Rent.  Any owner who again offers for rent or lease any unit covered by subsection (a) shall first offer the unit for rent or lease to the tenants or lessees displaced from the unit as follows:

(1)  If any tenant or lessee has advised the owner in writing within 30 days of displacement of his or her desire to consider an offer to renew the tenancy and has furnished the owner with an address to which that offer is to be directed, the owner must make such an offer whenever the unit is again offered for rent or lease within two years of withdrawal.  That tenant, lessee, or former tenant or lessee may advise the owner at any time of a change of address to which an offer is to be directed.

(2)  Notwithstanding Subsection (c)(1), if the unit is offered for rent or lease within 10 years of withdrawal, the owner shall notify the Rent Board in writing of the intention to re-rent the unit and make an offer to the tenant or lessee whenever the tenant or lessee requests the offer in writing within 30 days after the owner has notified the City of an intention to re-rent the unit.  If the unit is offered for rent or lease more than two years after the date the unit was withdrawn from rent or lease, the owner shall be liable to any tenant or lessee who was displaced for failure to comply with this subsection (c)(2), for punitive damages in an amount which does not exceed the contract rent for six months.

(3)  If any former tenant or lessee has requested an offer to renew the tenancy, either directly to the landlord or after notice from the Rent Board, then the owner shall offer to reinstitute a rental agreement or lease at rents permitted under Subsection (a).  This offer shall be deposited in the United States mail, by registered or certified mail with postage prepaid, addressed to the displaced tenant or lessee at the address furnished to the owner as provided by the tenant and shall describe the terms of the offer.  The displaced tenant or lessee shall have 30 days from the deposit of the offer in the mail to accept the offer by personal delivery of that acceptance or by deposit of the acceptance in the United States mail by registered or certified mail with postage prepaid.

(4)  If more than one tenant or lessee attempts to accept the offer for a given unit, the landlord shall notify each tenant or lessee so accepting that other acceptances have been received, and shall further advise each such tenant or lessee of the names and addresses of the others.  If all such tenants or lessees do not within thirty (30) days thereafter agree and notify the landlord of which tenant(s) or lessee(s) will reoccupy the unit, the tenant(s) or lessee(s) who first occupied the unit previously shall be entitled to accept the landlord's offer.  If more than one eligible tenant or lessee initially occupied the unit on the same date, then the first such tenant or lessee to have originally sent notice accepting the landlord's offer shall be entitled to occupy the unit.

(d)  Re-Rental Within Two Years.  If a unit covered by subsection (a) is offered for rent or lease within two years of the date of withdrawal:

(1)  The owner shall be liable to any tenant or lessee who was displaced from the property for actual and exemplary damages.  Any action by a tenant or lessee pursuant to this paragraph shall be brought within three years of withdrawal of the unit from rent or lease.  However, nothing in this paragraph precludes a tenant from pursuing any alternative remedy available under the law.

(2)  The City may institute a civil proceeding against the owner who has again offered the unit for rent or lease, for exemplary damages for displacement of tenants or lessees.  Any action by the City pursuant to this paragraph shall be brought within three years of the withdrawal of the unit from rent or lease.

You have certain rights to **RELOCATION ASSISTANCE** under Section 37.9A(e) of Chapter 37 of the San Francisco Administrative Code as follows:

Section 37.9A(e) Relocation Payments to Tenants:

(3)  On or After February 20, 2005.  Where a landlord seeks eviction based upon Section 37.9(a)(13), and the notice of intent to withdraw rental units is filed with the Board on or after February 20, 2005, relocation payments shall be paid to the tenants as follows:

(A)  Subject to subsections 37.9A(e)(3)(B), (C) and (D) below, the landlord shall be required to pay a relocation benefit on behalf of each authorized occupant of the rental unit regardless of the occupant's age ("Eligible Tenant").  The amount of the relocation benefit shall be $4,500 per Eligible Tenant, one-half of which shall be paid at the time of the service of the notice of termination of tenancy, and one-half of which shall be paid when the Eligible Tenant vacates the unit;

(B)  In the event there are more than three Eligible Tenants in a unit, the total relocation payment shall be $13,500, which shall be allocated proportionally among the Eligible Tenants based on the total number of Eligible Tenants in the unit; and

(C)  Notwithstanding Subsections 37.9A(e)(3)(A) and (B), any Eligible Tenant who, at the time the notice of intent to withdraw rental units is filed with the Board, is 62 years of age or older, or who is disabled within the meaning of Section 12955.3 of the California Government Code, shall be entitled to receive an additional payment of $3,000, $1,500 of which shall be paid within 15 calendar days of the landlord's receipt of written notice from the tenant of entitlement to the relocation payment, and $1,500 of which shall be paid when the Eligible Tenant vacates the unit.

(D)  Commencing March 1, 2005, the relocation payments specified in Subsections 37.9A(e)(3)(A) and (B) and (C) shall increase annually at the rate of increase in the "rent of primary residence" expenditure category of the Consumer Price Index (CPI) for All Urban Consumers in the San Francisco-Oakland-San Jose Region for the preceding calendar year, as that data is made available by the United States Department of Labor and published by the Board.

Attached to your Notice of Termination of Tenancy were two official checks for certified funds made out to **Bruce Owen** and **Alexandra Owen** respectively, each in the amount of **$5526.99**, as initial relocation payments under Section 37.9A(e) of Chapter 37 of the San Francisco Administrative Code.  Final relocation payments will be issued when you vacate the premises.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions.  You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed.  In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

Please direct all communications regarding this **NOTICE REGARDING TERMINATION OF TENANCY** to:

>   Program Manager
>   Services & Special Projects
>   Office of Foreign Missions
>   U.S. Department of State
>   2201 C Street Northwest
>   Washington, DC 20520

DATED:  June 19, 2018

Matthew Sandelands
Program Manager
Services & Special Projects
Office of Foreign Missions
U.S. Department of State

# EXHIBIT G



City and County of San Francisco

**Residential Rent Stabilization and Arbitration Board**

RECORDING REQUESTED BY:

Matthew Sandelands
U.S. Department of State
2201 C Street NW
Suite 2236
Washington, DC 20520

WHEN RECORDED MAIL TO:

Matthew Sandelands
U.S. Department of State
2201 C Street NW
Suite 2236
Washington, DC 20520

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
**DOC- 2018-K627407-00**
Check Number  2151
Tuesday, JUN 19, 2018 11:29:29
Ttl Pd    $95.00      Rcpt # 0005821143
                              okc/KC/1-3

## Memorandum of Notice
## Regarding Withdrawal of Rental Units from Rent or Lease
(to be recorded by owner)

This memorandum evidences that the undersigned, as the owner of the property described in Exhibit A attached, has filed a notice with the San Francisco Residential Rent Stabilization and Arbitration Board, which contents are certified under penalty of perjury, stating the intent to withdraw from rent or lease all units at said property, pursuant to San Francisco Administrative Code Section 37.9A and the Ellis Act.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct.  This notice is signed on

_____June 19, 2018_____ in _____San Francisco_____ California.
         (date)                                    (city)

_____Matthew Sandelands_____          _____
         (print name)                                (signature)

<u>RE:</u> Property located at __3400 Washington Street__ in San Francisco, California.

<u>ALL OWNERS MUST SIGN.</u> Attach an additional declaration and signature for each owner. Please note that the Recorder's Office requires that all owners' signatures must be notarized.

<u>NOTICE:</u>     RESTRICTIONS ON THE FUTURE USE OF THE PROPERTY WILL APPLY TO SUCCESSORS IN INTEREST PURSUANT TO SAN FRANCISCO ADMINISTRATIVE CODE SECTION 37.9A.

APN: 0985-004

541/Ellisforms/Memorandum of Notice/4/19/06

FORM 4

25 Van Ness Ave., #320, San Francisco, CA 94102     415.252.4602     Fax 415.252.4699

## EXHIBIT A

BEGINNING AT THE POINT OF INTERSECTION OF THE NORTHERLY LINE OF WASHINGTON STREET AND THE WESTERLY LINE OF WALNUT STREET; RUNNING THENCE WESTERLY ALONG SAID LINE OF WASHINGTON STREET 78 FEET; THENCE AT A RIGHT ANGLE NORTHERLY 100 FEET; THENCE AT A RIGHT ANGLE EASTERLY 78 FEET TO THE WESTERLY LINE OF WALNUT STREET; THENCE AT A RIGHT ANGLE SOUTHERLY ALONG SAID LINE OF WALNUT STREET 100 FEET TO THE POINT OF BEGINNING.

BEING PORTION OF WESTERN ADDITION BLOCK NO. 813

APN:  0985-004

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of ___San Francisco___          )

On __06/19/2018__ before me, __Alejandro Diaz (Notary Public)__,
       *Date*                          *Here Insert Name and Title of the Officer*

personally  appeared _____Matthew  Sandelands_____
                                      *Name(s) of Signer(s)*

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> ALEJANDRO DIAZ
> Notary Public – California
> San Francisco County
> Commission # 2232237
> My Comm. Expires Feb 24, 2022

Signature ___Alejandro Diaz_____
                *Signature of Notary Public*

          *Place Notary Seal Above*

──────────────────────────── **OPTIONAL** ────────────────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited   ☐ General | ☐ Partner — ☐ Limited   ☐ General |
| ☐ Individual        ☐ Attorney in Fact | ☐ Individual        ☐ Attorney in Fact |
| ☐ Trustee      ☐ Guardian or Conservator | ☐ Trustee      ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

# EXHIBIT H

1   U.S. DEPARTMENT OF STATE,                    )
2            Owner,[1]                           )   **THREE-DAY NOTICE TO QUIT**
                                                 )
3       v.                                       )
                                                 )
4   BRUCE STEPHENSON OWEN and                    )
    ALEXANDRA OWEN,                              )
5                                                )
            Residents.                           )
6                                                )
7   _____           )

8                              **THREE-DAY NOTICE TO QUIT**

9          TO RESIDENTS BRUCE STEPHENSON OWEN, ALEXANDRA OWEN, and ALL OTHERS

10   IN POSSESSION of the premises now held and/or occupied by you at 3400 WASHINGTON STREET,

11   SAN FRANCISCO, CALIFORNIA, 94118:

12          **PLEASE TAKE NOTICE** that effective June 19, 2019, the subject premises have been

13   withdrawn from rent and/or lease pursuant to Chapter 37 of the San Francisco Administrative Code,

14   Section 37.9A and California Government Code Section 7060 *et seq.* (Ellis Act); and your month-to-

15   month tenancy is terminated.

16          On or about June 19, 2018, the United States Department of State (hereinafter referred to as

17   "owner") served you with a 120-day **NOTICE OF TERMINATION OF TENANCY** of your month-

18   to-month tenancy at 3400 Washington Street, San Francisco, CA 94118, in accordance with Chapter 37

19   of the San Francisco Administrative Code, Section 37.9A; California Government Code Section 7060 *et*

20   *seq.* (Ellis Act); and California Civil Code Sections 1946 and 1946.1 as applicable.

21          That **NOTICE OF TERMINATION OF TENANCY** was served upon you because the owner

22   as Custodian for the Government of Iran pursuant to the Foreign Missions Act (22 U.S.C. §§ 4301-

23   4316), United States Department of the Treasury License No. IA-2013-299855-4, the Vienna

24   Convention on Diplomatic Relations, and the Vienna Convention on Consular Relations, seeks in good

25

26   _____
     [1] The United States Department of State's Office of Foreign Missions (OFM) is the Custodian of the
     property at 3400 Washington Street, San Francisco, CA, 94118, for the Government of Iran pursuant to
27   the Foreign Missions Act (22 U.S.C. 4301-4316), United States Department of the Treasury License No.
     IA-2013-299855-4, the Vienna Convention on Diplomatic Relations, and the Vienna Convention on
28   Consular Relations.  Under these authorities, the Department of State is entitled to act as owner for
     purposes relevant to this action.

                                                      1

faith to recover possession of the premises in order to remove the rental building from residential rental use.

By letter dated August 7, 2018, you claimed a **ONE-YEAR EXTENSION** of the date of withdrawal of the premises from the rental market pursuant to San Francisco Administrative Code, Section 37.9A(f)(4).  The owner did not dispute your claim to an extension.  Pursuant to that **ONE-YEAR EXTENSION**, the new withdrawal date under Section 37.9A(f)(4)(C) was June 19, 2019.

Effective June 19, 2019, the subject premises have been withdrawn from rent and/or lease; and your month-to-month tenancy has been terminated.

**WITHIN THREE (3) DAYS** after service on you of this notice, you are required to quit the subject premises, move out, and deliver up possession to the owner or its authorized agent.

**PLEASE TAKE FURTHER NOTICE** that unless you vacate the premises **WITHIN THREE (3) DAYS** as required by this notice, the undersigned will institute legal proceedings for unlawful detainer against you to recover possession of the premises plus any damages, penalties, attorney's fees, costs, and/or such other relief as provided for and allowed by California law.

This **THREE-DAY NOTICE TO QUIT** is served pursuant to Section 37.9(a)(13) of the San Francisco Residential Rent Stabilization and Arbitration Ordinance, which authorizes the eviction of a tenant where the owner wishes to withdraw the rental unit(s) from rent or lease.

You have certain rights to **RELOCATION ASSISTANCE** under Section 37.9A(e) of Chapter 37 of the San Francisco Administrative Code as follows:

Section 37.9A(e) Relocation Payments to Tenants:

(3) On or After February 20, 2005. Where a landlord seeks eviction based upon Section 37.9(a)(13), and the notice of intent to withdraw rental units is filed with the Board on or after February 20, 2005, relocation payments shall be paid to the tenants as follows:

(A) Subject to subsections 37.9A(e)(3)(B), (C) and (D) below, the landlord shall be required to pay a relocation benefit on behalf of each authorized occupant of the rental unit regardless of the occupant's age ("Eligible Tenant"). The amount of the relocation benefit shall be $4,500 per Eligible Tenant, one-half of which shall be paid at the time of the service of the notice of termination of tenancy, and one-half of which shall be paid when the Eligible Tenant vacates the unit;

(B) In the event there are more than three Eligible Tenants in a unit, the total relocation payment shall be $13,500, which shall be allocated proportionally among the Eligible Tenants based on the total number of

Eligible Tenants in the unit; and

(C) Notwithstanding Subsections 37.9A(e)(3)(A) and (B), any Eligible Tenant who, at the time the notice of intent to withdraw rental units is filed with the Board, is 62 years of age or older, or who is disabled within the meaning of Section 12955.3 of the California Government Code, shall be entitled to receive an additional payment of $3,000, $1,500 of which shall be paid within 15 calendar days of the landlord's receipt of written notice from the tenant of entitlement to the relocation payment, and $1,500 of which shall be paid when the Eligible Tenant vacates the unit.

(D) Commencing March 1, 2005, the relocation payments specified in Subsections 37.9A(e)(3)(A) and (B) and (C) shall increase annually at the rate of increase in the "rent of primary residence" expenditure category of the Consumer Price Index (CPI) for All Urban Consumers in the San Francisco-Oakland-San Jose Region for the preceding calendar year, as that data is made available by the United States Department of Labor and published by the Board.

On or about June 19, 2018, with the **NOTICE OF TERMINATION OF TENANCY**, the owner delivered two official checks for certified funds made out to BRUCE OWEN and ALEXANDRA OWEN respectively, each in the amount of $5,526.99, as initial relocation payments under Section 37.9A(e). Final relocation payments were to be issued when you vacated the premises prior to the withdrawal date.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

Advice concerning this Notice is available from the San Francisco Residential Rent Stabilization and Arbitration Board.

Please direct all communications to the owner regarding this **THREE-DAY NOTICE TO QUIT** to owner's counsel:

Robin M. Wall
Assistant U.S. Attorney
U.S. Attorney's Office, Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

1   DATED:  June 19, 2019

Matthew Sandelands
Program Manager
Office of Foreign Missions
U.S. Department of State



### San Francisco Residential Rent Stabilization and Arbitration Board

# Notice to Tenant Required by Rent Ordinance §37.9(c)

*Effective March 19, 2016, a copy of this Notice to Tenant must be attached to every notice to terminate tenancy.*

### NOTICE TO TENANT (English)

The landlord has served you with a notice to terminate your tenancy. A tenant's failure to timely act in response to a notice to terminate tenancy may result in a lawsuit by the landlord to evict the tenant. Advice regarding the notice to terminate tenancy is available from the San Francisco Rent Board located at 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Office hours are Monday to Friday, 8:00 am - 5:00 pm, except holidays. Counselors are also available by telephone at (415) 252-4602 between 9:00 am - 12:00 pm and 1:00 pm - 4:00 pm. Information is also available at www.sfrb.org.

You may be eligible for affordable housing programs and apartments. Visit the website of the Mayor's Office of Housing and Community Development (MOHCD) at www.sfmohcd.org for information about available homes, waiting lists and program eligibility. If you are being evicted because the building's owner or relative is moving into your unit or because of the Ellis Act, you may qualify for an affordable housing lottery preference. For more information about local housing resources, the *San Francisco Housing Resource Guide* is available at http://sfmohcd.org/san-francisco-housing-resource-guide.

### NOTIFICACIÓN AL INQUILINO (Spanish)

El arrendatario le ha dado a usted un aviso de desalojo de su inquilinato. Si el inquilino no actúa a tiempo en respuesta a un aviso de desalojo, el arrendatario podría demandar legalmente al inquilino para desalojarlo. Puede obtener asesoría sobre el aviso de desalojo de su inquilinato en la Junta del Control de Rentas de San Francisco ubicada en 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. El horario de atención es de lunes a viernes de 8:00 am a 5:00 pm, excepto feriados. Consejeros están disponibles por teléfono en el (415) 252-4602 entre las 9:00 am - 12:00 pm y 1:00 pm - 4:00 pm. También hay información disponible en www.sfrb.org.

Puede ser que usted reúna los requisitos para programas de vivienda y apartamentos a precios asequibles. Visite el sitio web de la Oficina de Desarrollo de Vivienda y la Comunidad del Alcalde (Mayor's Office of Housing and Community Development o MOHCD) en www.sfmohcd.org para obtener información sobre viviendas disponibles, listas de espera y requisitos para el programa. Si está siendo desalojado porque un familiar del propietario del inmueble se está mudando a su unidad o debido a la Ley Ellis, se le podría dar preferencia en el sorteo de viviendas a precios asequibles. Para información sobre recursos de vivienda local, la *Guía de Recursos para Vivienda de San Francisco* está disponible en http://sfmohcd.org/san-francisco-housing-resource-guide.

### THÔNG BÁO CHO NGƯỜI THUÊ NHÀ (Vietnamese)

Chủ nhà đã tống đạt cho quý vị thông báo chấm dứt hợp đồng thuê nhà. Nếu người thuê không hành động kịp thời để đáp ứng thông báo chấm dứt hợp đồng thuê nhà thì có thể dẫn đến việc chủ nhà nộp đơn kiện để trục xuất người thuê đó. Quý vị có thể được tư vấn về thông báo chấm dứt hợp đồng thuê nhà này tại San Francisco Rent Board (Ủy Ban Kiểm Soát Tiền Thuê Nhà San Francisco), địa chỉ 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Văn phòng mở cửa từ Thứ Hai đến Thứ Sáu, 8:00 giờ sáng - 5:00 giờ chiều, không kể ngày lễ. Quý vị cũng có thể nói chuyện với người tư vấn qua điện thoại tại số (415) 252-4602 từ 9:00 giờ sáng - 12:00 giờ trưa và 1:00 - 4:00 giờ chiều. Thông tin cũng có sẵn tại trang web www.sfrb.org.

Có thể quý vị hội đủ điều kiện tham gia chương trình trợ cấp nhà ở và căn hộ chung cư với chi phí vừa túi tiền. Hãy xem trang web của Sở Phát Triển Nhà Ở Và Cộng Đồng Của Thị Trưởng (Mayor's Office of Housing and Community Development - MOHCD) tại địa chỉ www.sfmohcd.org để biết thêm thông tin về các loại nhà có sẵn, danh sách chờ đợi và các điều kiện của chương trình. Nếu quý vị đang bị trục xuất khỏi nhà vì điều luật Ellis hoặc vì chủ nhà hay người thân của chủ nhà sắp dọn vào ở nhà của quý vị, có thể quý vị hội đủ điều kiện được ưu tiên trong cuộc rút thăm trúng nhà thuê vừa túi tiền. Để biết thêm thông tin về các nguồn trợ giúp trong địa phương về nhà ở, quý vị có thể tìm đọc *Cẩm Nang Các Nguồn Trợ Giúp Về Nhà Ở San Francisco (San Francisco Housing Resource Guide)* tại địa chỉ http://sfmohcd.org/san-francisco-housing-resource-guide.



**San Francisco Residential Rent Stabilization and Arbitration Board**

# Notice to Tenant Required by Rent Ordinance §37.9(c)

*Effective March 19, 2016, a copy of this Notice to Tenant must be attached to every notice to terminate tenancy.*

### 租客通知 (Chinese)

您的房東已向您发出終止租約通知。如租客未能及時採取行動回應該通知，可能導致房東提出訴訟驅逐租客。如果您需要獲得有關終止租約通知的建議，請洽詢三藩市租務委員會。地址：25 Van Ness Avenue, Suite 320, San Francisco, CA 94102。辦公時間：週一至週五，上午 8:00 - 下午 5:00（節假日除外）。您也可以致電諮詢員，電話：(415) 252-4602 上午 9:00 - 下午 12:00 及下午 1:00 - 4:00。相關資訊可參閱網站：www.sfrb.org。

您可能有資格申請可負擔房屋計劃和公寓。請上網 www.sfmohcd.org 瀏覽市長的住房與社區發展辦公室 (MOHCD) 網站，以獲知有關現有住屋、等候名單和計劃參加資格等資訊。如果您因為建物所有人或親戚要遷入您的住宅單位或由於艾利斯法而被驅逐，您可能有資格獲得可負擔房屋的抽籤優先權。如需要更多有關本地住房資源的資訊，請上網 http://sfmohcd.org/san-francisco-housing-resource-guide 瀏覽三藩市住房資源指南。

### УВЕДОМЛЕНИЕ АРЕНДАТОРУ ЖИЛЬЯ (Russian)

Арендодатель вручил вам уведомление о расторжении договора аренды жилого помещения. В случае несвоевременных действий арендатора в ответ на данное уведомление арендодатель может подать в суд иск о выселении арендатора. Если вам необходима консультация по поводу уведомления о расторжении договора, вы можете обратиться в Комитет аренды жилья города Сан-Франциско, расположенный по адресу: 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Часы работы Комитета — с понедельника по пятницу с 8:00 до 17:00 (за исключением праздничных дней). С консультантами можно также связаться по телефону (415) 252-4602 с 9:00 до 12:00 и с 13:00 до 16:00. Кроме того, информация размещена на веб-сайте www.sfrb.org.

Вы, возможно имеете право на участие в программах по предоставлению доступного жилья и квартир. Посетите веб-сайт мэра города, раздел жилищного строительства и развития общин («MOHCD»), www.sfmohcd.org, где вы сможете получить дополнительную информацию о предоставляемом жилье, списках ожидания и ваших правах на участие в подобного рода программах. Если вас выселяют, потому что владелец или родственники владельца здания должны въехать в вашу квартиру, соответственно закону «Ellis Act», то у вас, возможно, есть право претендовать на определенные преимущества при участии в лотерее по предоставлению доступного жилья. За более подробной информацией о помощи по предоставлению жилья просьба обращаться к руководству г. Сан-Франциско по предоставлению подобной помощи на веб-сайте http://sfmohcd.org/san-francisco-housing-resource-guide.

### ABISO SA NANGUNGUPAHAN (Filipino)

Nabigyan na kayo ng nagpapaupa ng abiso tungkol sa pagwawakas sa inyong pangungupahan. Ang hindi pagkilos sa tamang oras ng nangungupahan sa pagtugon sa abiso ng nangungupahan ay posibleng mauwi sa paghahabla ng nagpapaupa para ma-evict o mapaalis sa tahanan ang nangungupahan. May makakuhang payo tungkol sa abiso ng pagwawakas sa pangungupahan mula sa San Francisco Rent Board (Lupon para sa Pangungupahan sa San Francisco) na nasa 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Bukas ang opisina tuwing Lunes hanggang Biyernes, 8:00 am - 5:00 pm, maliban sa mga pista opisyal. May mga tagapayo rin na makakausap sa telepono sa (415) 252-4602 sa pagitan ng 9:00 am - 12:00 pm at ng 1:00 pm - 4:00 pm. Makakakuha rin ng impormasyon sa www.sfrb.org.

Posibleng kuwalipikado kayo para sa mga abot-kayang pabahay at apartment. Pumunta sa Opisina para sa Pabahay at Pagpapaunlad sa Komunidad (Office of Housing and Community Development, MOHCD) ng Alkalde sa www.sfmohcd.org para sa karagdagang impormasyon tungkol sa makukuhang bahay, waiting lists (listahan para sa naghihintay makapasok) at mga kinakailangan para maging kuwalipikado. Kung pinapaalis kayo sa inyong tahanan dahil titira na sa inyong unit ang may-ari ng building o ang kanyang kamag-anak, o dahil sa Ellis Act, posibleng kuwalipikado rin kayo para sa abot-kayang pabahay sa pamamagitan ng lottery preference (pagbibigay-preperensiya batay sa ala-suwerteng bunutan). Para sa karagdagang impormasyon tungkol sa mapagkukunan ng tulong para sa lokal na pabahay, matitingnan ang *San Francisco Housing Resource Guide* (Gabay para sa Mapagkukunan ng Impormasyon at Tulong ukol sa Pabahay sa San Francisco) sa http://sfmohcd.org/san-francisco-housing-resource-guide.