Daniel Berko (SBN: 94912)
**LAW OFFICE OF DANIEL BERKO**
819 Eddy St
San Francisco, CA, 94109
Tel: (415) 771-6174
Fax: (415) 474-3748
Email:  daniel@berkolaw.com

Attorney for Defendants,
Bruce Owen and Alexandra Owen

UNITED STTAES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES DEPARTMENT OF STATE ) | Case No.: 4:19-cv-04094-HSG |
| ) | |
| Plaintiffs, ) | **DEFENDANT BRUCE OWEN AND ALEXANDRA OWEN'S ANSWER TO COMPLAINT OF THE UNITED STATES DEPARTMENT OF STATES** |
| vs. ) | |
| BRUCE OWEN and ALEXANDA OWEN ) | |
| ) | **DEMAND FOR JURY TRIAL BY DEFENDANTS** |
| Defendants. ) | |

Defendants Bruce Owens and Alexandra Owens both and each answer the complaint of the United States Department of State as follows:

1. Defendants deny the allegations of paragraph 1 that they continue to occupy the premises without lawful authority.  Defendants deny they are trespassing and defendants deny that they are in unlawful detainer of the premises.  In fact, defendants lawfully, in all respects, occupy the premises,

2. Defendants admit paragraph 2.

3. Defendants admit paragraph 3

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis deny each and every allegation therein except that defendants admit that the State Department is an executive department of the United States government.

5. Defendants admit that they in fact reside at 3400 Washington Street, San Francisco, California 94118.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis denies each and every allegation therein, except defendants admit that the Secretary of State may protect and preserve the property.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and on that basis denies each and every allegation therein.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and on that basis denies each and every allegation therein.

9. Defendants admit paragraph 9.

10. Defendants admit paragraph 10.

11. Defendants admit paragraph 11.

12. Defendants admit paragraph 12.

13. Defendants admit paragraph 13 except that they both are paying the rent, not simply Mr. Owen.

14. Defendants admit paragraph 14, except that defendants deny their tenancy is month to month.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and on that basis denies each and every allegation therein, except that defendants affirmatively deny that the property did not

appear to be in use as a residence.  In fact, it was very obvious the premises was being used as a residence. Defendants further deny that multiple rooms were, or appeared to be, set up as separate office spaces and deny that a large area was set aside for commercial items.

16. Defendants deny all of the allegations of paragraph 16 and specifically deny that OFM decided after the inspection to remove the property from the rental market.  Further, defendants deny that OPM expected that the residence would need "significant maintenance and repair" and deny that OPM expected that the cost of the repair and maintenance would exceed the rental income of the property. Defendants also affirmatively deny that it was following the inspection of June 2018 that plaintiff decided to remove the property from housing use or that the decision was the result of that inspection.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and on that basis denies each and every allegation therein except that defendants admit that their residence at 3400 Washington Street, San Francisco, California   is owned by the Government of Iran.

18. Defendants deny all of the allegations of paragraph 18 and specifically deny that OPM has determined that it will not be able to meet the expected costs of repair and maintenance of 3400 Washington Street from the rents received.  Defendants deny that the cost of expected maintenance and repair is estimated at $5 million dollars and/or or that the costs of repair and maintenance significantly exceed the available rental receipts. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 that OFM intends to take 3400 Washington Street off the market and prepare it for long term storage and on that basis denies those allegations.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and on that basis denies each and every allegation therein.

20. Defendants admit paragraph 20, except that the Ellis Act is modified and limited as allowed by local entities and in this case by San Francisco.

21. Defendants admit paragraph 21.

22. Defendants deny that OPM has complied with all federal, state and local law. Defendants deny that OPM has complied with the Ellis Act or the San Francisco rent ordinance. Defendants deny their tenancy has been terminated.

23. Defendants deny their tenancy is month-to-month or that the notice alleged therein was effective for any purpose, but otherwise admit paragraph 23.

24. Defendants deny that the June 19, 2018 notice properly or legally informed them of their rights or the rights afforded tenants or them under the San Francisco rent ordinance, but admit that the notice did tell them they could be entitled to an extension of the date of withdrawal for certain categories of tenants ands rights to relocation assistance.

25. Defendants admit paragraph 25.

26. Defendants admit paragraph 26.

27. As to paragraph 27, defendants deny that there was a new or any lawful withdrawal date of their tenancy.

28. Defendants admit paragraph 28.

29. Defendants admit paragraph 29 except that they deny there was any lawful withdrawal date as their tenancy remains in full force and effect.

30. Defendants admit paragraph 30 but deny there was any valid withdrawal of the premises from the rental market and defendants deny that any of the contents of the notice (exhibit "H") are true.

31. As to paragraph 31, Defendants admit that the notice demanded that they move out and deliver up the premises but deny that Plaintiff is the owner or the owner's authorized agent. Defendants further deny that plaintiff had any right to demand that they move our or deliver the premises.

32. As to paragraph 32, defendants admit that they are in possession of the premises, but deny the notice referred to or any notice from plaintiff to defendants has any legality or force.

33. Defendants incorporate all previous denials as stated above.

34. Defendants deny their tenancy is month to month and deny their tenancy was lawfully terminated and deny they are unlawfully in possession of the property and deny that they are guilty of unlawful detainer.

35. Defendants deny that plaintiff has been damage in any way or at all

### FIRST AFFIRMATIVE DEFENSE

36. Plaintiff is retaliating against defendants for complaints that they made about the habitability of the premises. Said eviction is unlawful and unconditional as a result.

### SECOND AFFIRMATIVE DEFENSE

37. Plaintiff has no proper cause to evict defendants.

### THIRD AFFIRMATIVE DEFENSE

38. Plaintiff is guilty of unclean hands including because defendants were led to believe they could remain until Iran took back the premises as a consulate and plaintiff. Furthermore, defendants were promised that their rent money would be used to keep the premises well-maintained but plaintiff now uses its own failure to maintain the premises and its own failure to use the rent money to keep the premises in good repair as a justification for the eviction of defendants. Moreover and in addition, plaintiffs have falsely stated their reasons for the eviction and when they decided to evict. Moreover, plaintiffs are evicting defendants for the exercise of their first amendment rights. Moreover, plaintiff is evicting defendants because plaintiff was cited for violation of San Francisco Building and Housing codes which plaintiff blames on defendants. This violates defendants' first amendment rights.

### FOURTH AFFIRMATIVE DEFENSE

39. Plaintiff is guilty of laches because defendants have spent very substantial sums keeping the premises habitable due to their understanding, induced by plaintiff, that that could remain indefinitely until Iran needed the premises so long as they timely paid the rent.

### FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff has not complied with the San Francisco rent ordinance and the eviction is unlawful and unauthorized as a result.

### SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff is estopped from evicting defendants because , defendants were promised that their rent money would be used to keep the premises well-maintained but plaintiff now uses its own failure to maintain the premises as a justification for the eviction of defendants.

### SEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff owes defendants substantial sums of money for not maintaining the premises as required by law, for damages to personal property, for personal injury, and for a reduction in rent which amount should offset any award to plaintiff, if any, which defendants deny any sum at all is due to plaintiff with or without the offset;

### EIGHTH AFFIRMATIVE DEFENSE

43. The eviction and this action violate defendants' rights to due process under the United State and California constitutions. Plaintiff does not have a just cause or good cause reason to evict defendants. Defendants have a protected property interest in their tenancy and no cause to terminate that interest exists

### NINTH AFFIRMATIVE DEFENSE

44. Plaintiff does not have standing under the Ellis Act or the San Francisco rent law to evict defendants.

### TENTH AFFIRMATIVE DEFENSE

45. Plaintiff does not have just cause or any right under the San Francisco Rent Ordinance to

evict defendants or to terminate their tenancy nor have they terminated the tenancy in compliance with the San Francisco rent ordinance

WHEREFORE DEFENDANTS PRAY:

1. Plaintiff take nothing by way of its complaint;

2. Defendants be awarded their costs of suit;

3. For such other and/or further relief as the court deems just and proper;

                                        */S/ DANIEL BERKO*
                                        Daniel Berko
                                        Attorney for Defendants,
                                        BRUCE OWEN AND ALEXANDRA OWEN

## DEFENDANTS' DEMAND FOR JURY TRIAL

DEFENDANTS hereby demand a jury trial on all issues.

                                        */S/ DANIEL BERKO*
                                        Daniel Berko
                                        Attorney for Defendants,
                                        BRUCE OWEN AND ALEXANDRA OWEN