Daniel Berko (SBN: 94912)
**LAW OFFICE OF DANIEL BERKO**
819 Eddy St
San Francisco, CA, 94109
Tel: (415) 771-6174
Fax: (415) 474-3748
Email:  daniel@berkolaw.com

Attorney for Defendants,
Bruce Owen and Alexandra Owen

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES DEPARTMENT OF STATE<br><br>Plaintiffs,<br><br>vs.<br><br>BRUCE OWEN and ALEXANDA OWEN<br><br>Defendants. | Case No.: 4:19-cv-04094-HSG<br><br>**DEFENDANTS BRUCE OWEN AND ALEXANDRA OWEN'S EVIDENTIARY OBJECTIONS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO THE MOTION OF THE UNITED STATES FOR SUMMARY JUDGMENT**<br><br>**DATE: OCTOBER 15, 2020**<br>**TIME: 2:00 P.M.**<br>**Courtroom:  2, 4th Floor** |

Defendants BRUCE OWEN and ALEXANDRA OWEN submit the following objections to the evidence submitted by the UNITED STATES in support of its opposition to Defendants' Motion for Summary Judgment or partial summary judgment and in support of the UNITED STATES' own motion for summary judgment was set for hearing on October 15, 2020.

1. Declaration of  Matthew Sandelands (Document 62-2) p.1:23-24 "I have personal knowledge …: until the end of that sentence.

This is a legal conclusion and also lacks foundation. If his testimony shows personal knowledge, it does.  If it does not, his stating that it does is irrelevant and a legal conclusion.

2. Declaration of Matthew Sandelands (Document 62-2) p.2:16-22, paragraph 9 is a legal conclusion, hearsay and lacks foundation.   Further objection is made to the testimony that it directly contradicts judicial admissions and the UNITED STATES' interrogatory responses which clearly admit and state that the UNITED STATES attempted to follow the San Francisco rent ordinance in effect in 2018 and in no way believed that the action could proceed if it was allowed by the SFRO as it existed in 1987.  Further, the testimony is irrelevant because by law the UNITED STATES was and is legally bound to follow the SFRO pursuant to the SFRO and pursuant to 22 USC 4207 and the license effective in June 2018.

    See *Scosche Indus Inc v. Visor Gear Inc.* (9th Cir. 1997) 121 F3d 675, 681; FRE 802; (hearsay)

    *Cleveland v. Policy Mgmt. Systes Corp* (1999) 526 US 795, 806, 119 S.Ct. 1597, 1603; *Van Asdalev. International Game Tech* (9th Cir. 2009) 577 F.3d 989, 998;  (sham declarations)

    Relevance (FRE 402)

    Improper opinion (FRE 702) and improper conclusion (FRE 704.)

    Lack of foundation (no showing of personal knowledge)  FRE 702, 703

    All further references are to the Declaration of Matthew Sandelands, Document 62-2, until the objections to the Iyengar declaration start.

3. Exhibit A- E to the extent they are submitted for the truth of the matter asserted except as specifically stated herein below.  To the extent they are purported operative facts, to show what was served on defendants or filed or recorded- no objection.

    They are hearsay to the extent intended to prove the truth of the matter asserted and lack foundation as more specifically described below.  See *Scosche Indus Inc v. Visor Gear Inc.* (9th Cir. 1997) 121 F3d 675, 681; FRE 802;  (hearsay)

    Improper opinion (FRE 702) and improper conclusion (FRE 704.)

    Lack of foundation (no showing of personal knowledge)  FRE 702, 703

4. Exhibit "A: at p. 5 (of 80) "Notice of Termination of Tenancy" is not objected to to the extent it says the UNITED STATES intended the notice to be a "legal notice for the purpose of terminating your tenancy in accordance with Chapter 37 of the San Francisco Administrative Code, Section 37.9A: California Government Code Section 7060 et seq. (Ellis Act); and California Civil Code sections 1946 and 1946.1" Further, to the extent it says "You have certain rights to an **ENTITLEMENT TO AN EXTENSION OF THE DATE OF WITHDRAWAL** under Section 37.9A(f)(4) of Chapter 37 of the San Francisco Administrative Code…" through page 9 to the end of the notice, including, but not limited to the statement in the notice that "You have certain rights to **RELOCATION ASSISTANCE"** including the amounts stated in the notice. (All bolding and capitalization in original) it is not objected to.

　　See *Scosche Indus Inc v. Visor Gear Inc.* (9th Cir. 1997) 121 F3d 675, 681; FRE 802; (hearsay)

　　Improper opinion (FRE 702) and improper conclusion (FRE 704.)

　　Lack of foundation (no showing of personal knowledge) FRE 702, 703

5. Exhibit B, "Notice of Intent to Withdraw Residential Units from the Rental Market" at page 12-13 to the extent it is intended to come in for the truth of the matter asserted is objected to as lacking foundation and legal conclusions including, but not limited to where it says the owner of the property is "The United States Department of State, Office of Foreign Missions, as Custodian for the Government of Iran." (Document 62-2, page 12 of 80.)

　　See *Scosche Indus Inc v. Visor Gear Inc.* (9th Cir. 1997) 121 F3d 675, 681; FRE 802; (hearsay)

　　Improper opinion (FRE 702) and improper conclusion (FRE 704.)

　　Lack of foundation (no showing of personal knowledge) FRE 702, 703

6. Exhibit C (Document 62-2, page 15- 17) "Memorandum of Notice Regarding Withdrawal of Rental Units from Rent or Lease" in its entirety to the extent it is sought to be admitted for the truth of any contents. To the extent it is offered to show what was recorded, no objection.

1     See *Scosche Indus Inc v. Visor Gear Inc.* (9th Cir. 1997) 121 F3d 675, 681; FRE 802;

2     (hearsay)

3     Improper opinion (FRE 702) and improper conclusion (FRE 704.)

4     Lack of foundation (no showing of personal knowledge)  FRE 702, 703

5

6 7. Exhibit D "Notice Regarding Termination of Tenancy) at Doc 62-2, page 19 to the extent it says

7     the Rent Board has been notified "of the withdraw (sic) of 3400 Washington Street" is a legal

8     conclusion and hearsay. The rest of that exhibit is identical to Exhibit A and objection is made

9     on the same basis.

10

11 8. Exhibit "E" Document 62-2, page 25: "Three Day Notice to Quit" is irrelevant and has no

12     standing or purpose. (It is not authorized, required or mentioned by any law as needed or

13     appropriate and has stated in the defendants' memorandum was just an excuse to serve the

14     required form at the end of that document and to state "Advise Concerning this Notice to

15     Vacate…" at page 27:20-22 which was required at the time Exhibit A was served (June 19,

16     2018) and had no purpose when stated in Exhibit E which was served 366 days later on June 19,

17     2019.)    Defendants object to it as hearsay, lacking foundation and irrelevant.  No objection is

18     made to page 26:3-6 where the UNITED STATES states that defendants were entitled to a one-

19     year extension "pursuant to San Francisco Administrative Code 37.9A(f)(4). No objection is

20     made to the fact that the UNITED STATES served on June 19, 2019 (366 days after the Notice

21     of Termination) the form "NOTICE TO TENANT REQUIRED BY RENT ORDINANCE

22     37.9(c.)"

23     See *Scosche Indus Inc v. Visor Gear Inc.* (9th Cir. 1997) 121 F3d 675, 681; FRE 802;

24     (hearsay)

25     Improper opinion (FRE 702) and improper conclusion (FRE 704.)

26     Lack of foundation (no showing of personal knowledge)  FRE 702, 703

27

28

9. Exhibit H, "ACTION MEMO FOR THE DIRECTOR (ACTING) OFFICE OF FOREIGN MISSIONS" and paragraph 10 of the Sandelands' declaration. Paragraph 10 is at Document 62-2 page 2:23-28. Objection is made to paragraph 10 starting at page 62-2, page 2:25 "By approving…. From the rental market." (The entire sentence.) The sentence lacks foundation, is a legal conclusion, and is hearsay.  Exhibit H itself is not objected to except for page 71 letter "U" is hearsay and lacks foundation.

> See *Scosche Indus Inc v. Visor Gear Inc.* (9th Cir. 1997) 121 F3d 675, 681; FRE 802; (hearsay)
>
> Improper opinion (FRE 702) and improper conclusion (FRE 704.)
>
> Lack of foundation (no showing of personal knowledge)  FRE 702, 703
>
> PLEASE NOTE: Objection is made to the "PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE" which incorporates the above documents, for the same reasons as stated above, (They are the same exhibit letters in the Sandelands declaration and in the Request for Judicial Notice.)
>
> OBJECTIONS TO DECLARATION OF SAVITH IYENGAR (Document 62-1)  All references below are to Document 62-1.)

10. Page 1:24-25, "I have personal knowledge …." lacks foundation.

11. The following objections are made to the excerpts of the deposition of Bruce Owen, (exhibit B starting at p. 15.):

> Page 51:22- 56:2.
>
> The testimony is improperly included because it skips page 55 so that it is not possible to know the full context of the testimony.

Dated September 24, 2020

                /s/Daniel Berko____
                Daniel Berko, attorney for defendants
                Bruce and Alexandra Owen